## ENFORCEMENT OF STATUTORY LIABILITY OF STOCKHOLDERS.

[Common Pleas Court of Licking County.]

EDWARD UMSTEATTER ET AL V. THE NEWARK SAVINGS BANK COMPANY ET AL.

Decided, February, 1906.

*Stockholders—In Insolvent State Bank—Enforcement of Statutory Liability of—Liability Accrues, When—Status as to Estate of Deceased Stockholder—Action by Creditor before Ascertainment of Condition of Corporation.*

1. In an action to enforce the statutory liability of stockholders, a demurrer will lie to an allegation in the answer of a defendant that he was not a stockholder at the time the debt mentioned in the petition was contracted.
2. While an action to enforce stockholders' liability ought usually to be postponed until an ascertainment has been made by the receiver of the corporation as to what its assets will be, an action brought by a creditor prior to such ascertainment is not demurrable on that ground.
3. Statutory liability attaches to all who are stockholders at the time of the enforcement of such liability, regardless of the date on which they became stockholders.
4. A demurrer will lie to an allegation by the executor of a deceased stockholder, who alleges that he has fully settled up the estate but does not plead the statute of limitations.
5. Where the insolvent corporation is a bank organized under the laws of Ohio, an allegation that a defendant stockholder is not liable for anything beyond the subscription price of his stock, does not state a good defense.

SEWARD, J., (orally).

The case of Edward Umsteatter et al v. The Newark Savings Bank Co. et al is a suit to enforce the statutory liability of stockholders. The suit originally was a suit to enforce statutory liability, and also to enforce the payment of unpaid subscriptions to the capital stock. The question as to the unpaid subscriptions to the capital stock has been dismissed, and there is, therefore, only one question before the court, and that is as to the statutory liability of stockholders.

There are several answers and there are demurrers to each one of them. The court will have to take them in their order. They all seem to be different. There is a demurrer to the second defense of the answer of E. L. Weisgarber, administrator. The second defense is as follows:

"The said E. L. Weisgarber says he denies that the said W. G. Taafel was a stockholder in the said Newark Savings Bank at the time the debt mentioned in first and second cause of action was contracted."

This is an important feature in the case, and the Supreme Court has held in the 36th Ohio State, the last case in that volume, that the liability attaches when the contract is made with the creditor of the corporation. This is a decision by a divided court, two of the judges rendering a dissenting opinion. That was under the old statute—Section 3258—which reads as follows:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation." That was passed in 1844, I believe (Vol. 52, page 44.) That was the old statute, and remained in force until 1902, when it was amended by the Legislature. It reads—

"Section 3259. The term 'stockholders,' as used in the preceding section, shall apply not only to such persons as appear by the books of the corporation to be such, but to any equitable owner of stock, although the stock appears on the books in the name of another.

"Section 3260. A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation, and against all persons liable as stockholders; and in such action there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation," etc.

This section is in the Revised Statutes of 1880. In this decision by the Supreme Court, wherein the judges differed as to the law governing such questions, the majority of the court

holding that the persons who were stockholders at the time the contract was made with the corporation are the persons who are liable on the stock, two dissenting opinions were rendered, one by McIlvaine and one by Johnson, that that is not the law in Ohio, and holding that those persons who were stockholders at the time the liability is enforced were liable—that they are the persons who are contemplated by the statute. The Legislature, in 1902, amended that statute, and I think in view of that decision of the Supreme Court, although, of course, that does not appear. It is Section 3258:

"The stockholders of a corporation who are the holders of its shares at a time when its debts and liabilities are enforceable against them [that is, against the stockholders, and not against the corporation] shall be deemed and held liable, equally and ratably, and not one for another, in addition to their stock, in an amount equal to the stock by them so held."

And so the Legislature has fixed the stockholders who are liable to a creditor as those "who are the holders of its shares at a time when the debts and liabilities are enforceable against them," conforming to the dissenting opinion of McIlvaine and Johnson in the 36th Ohio State. So as to this allegation that Taafel was not a stockholder at the time that the debt mentioned in the first and second causes of action in the petition was contracted, the demurrer to that must be sustained. If it were not for this amendment, as the court views it—the recent amendment to the statute by the Legislature—the demurrer would have to be overruled as to that branch.

Then there is a demurrer to the third defense.

"The said E. L. Weisgarber says that the said W. G. Taafel died on or about the 28th day of July, 1904, long before the commencement of this action. That he, the said E. L. Weisgarber, was on the —————— day of August, 1904, duly appointed and qualified as administrator of the estate of said W. G. Taafel and has been acting as such ever since. That the plaintiff has not nor has any one else ever presented to him as such administrator for allowance the said claim set out in the petition, properly verified according to law or any claim whatever."

This court held in the Roebling Sons Company case (*ante*) that it was not necessary to present a claim against the adminis-

trator for statutory liability, holding, as the circuit court so held in the 1st C. C. Reports, and the court will not refer to that further.

For fourth defense to the first and second causes of action:

"The said defendant says that in a suit commenced by L. P. Schaus in the Common Pleas Court of Licking County, Ohio, being case No. 13025, long before this suit was commenced, A. A. Stasel was duly appointed by the said court as receiver of the said bank and qualified as such and has been and still is acting as such receiver. That said receiver was ordered by said court to take charge of all of the property, assets, accounts and claims of every description of said bank and convert the same into money. That whatever is due from the said W. G. Taafel, or from said defendant as his administrator is an asset of said bank, and belongs to the said receiver, and it is his duty to collect the same and apply the same as directed by the said court in the said case. That said plaintiff has no right or authority to maintain the said action."

As far as the second cause of action is concerned, in the petition, this answer would be impervious to a demurrer, but the statutory liability of stockholders is not an asset of the corporation; it is a liability to the creditors, if after the payment of the debts there is not sufficient remaining due to pay the creditors, then they may proceed under the statutory liability of the stockholders. The receiver might bring an action to enforce the statutory liability after it is ascertained that the assets will not pay the corporation creditors. But, he is not the only person. A creditor may do the same thing under the statute; and to say that because a receiver has been appointed, a creditor has no right to proceed, would be flying in the face of the statute, as the court views it; and while this probably ought to be postponed until an ascertainment is made by the receiver as to what the assets of the corporation will be, the court is without authority to control that. And so, the demurrer to these various defenses is sustained.

As to the answer of Judge Hunter as executor of Reinhart Scheidler:

A demurrer is interposed to the third and fourth defenses of this answer.

"3.    That neither claim set out in the petition was ever presented to the said executor of said Scheidler for allowance, as required by law."

The court has just passed upon that (*Roebling Sons Co. v. Shawnee Valley Coal & Iron Co.* [*ante*]), and sustained the demurrer.

"4.    That said defendant was appointed executor May 1, 1903, and filed his first account as such in November, 1904, and was granted an extension of time for one year from the filing of said account, to settle said estate."

The court does not think that allegation makes any defense. And the demurrer is sustained to that.

A demurrer is interposed to the second defense in the answer of Henry Scheidler.    The second defense reads as follows:

"That he denies that he was a stockholder, or in any manner connected with the said the Newark Savings Bank Company, prior to January 15, 1904."

Under this section of the statute, if he were a stockholder at the time of the enforcement of the liability, it would make no difference.    He would still be liable as a stockholder on the statutory liability.    The demurrer to that is sustained.

"4.    That he is not indebted in any sum for the stock he held on the 15th day of January, 1904, and that is all he ever held."

I suppose that is intended to be to the second cause of action. But a demurrer is interposed to it, and it will have to be sustained.

A demurrer is interposed to the 2d, 3d and 5th defenses in the answer of Dortha M. Weippert, executrix of Christian Weippert, deceased.    The second defense is that no claim was presented to the administratrix within the time required by law, and it is not alleged that she has fully settled up the estate, and does not plead the statute of limitations; and the demurrer to that is sustained.    And to the third defense: It alleges the appointment of a receiver, the pendency of that suit; the court has passed upon that, and the demurrer to that will be sustained.

"5th defense.    For fifth defense to the said first cause of action, the said defendant says that the Newark Savings Bank

is a corporation organized under the laws of Ohio, and said defendant denies that the holders of the stock in said corporation are liable to anything beyond their subscription thereto."

There is a special statute on the subject of banks, and the court thinks the demurrer to that defense is well taken.

The next is as to the answer of Laura J. Jones, a demurrer is interposed to the fourth defense. "Said defendant says that in a suit now pending in the Common Pleas Court of Licking County, Ohio, being case No. 13025, wherein L. P. Schaus is plaintiff"—that is the same defense that the court has sustained a demurrer to.

The demurrer to all these defenses will be sustained.